## DONALD DUNCAN v. STATE.

No. A-2884.    Opinion Filed June 21, 1919.

(181 Pac. 736.)

1.  **HIGHWAYS—Obstruction—Sufficiency of Information.** For information held sufficient to charge offense of obstructing public highway, see body of opinion.

2.  **INDICTMENT AND INFORMATION—Negativing Exceptions in Criminal Statutes.** Exceptions to the operation of criminal statutes which form no substantive element of the offense, need not be negatived in the information.

3.  **TRIAL—Plea of Not Guilty—Scope of Proof.** Under section 5800, Rev. Laws 1910, three kinds of pleas to indictments or informations are authorized; all matters of fact tending to estab-

lish a defense, other than of a former conviction or acquittal, may be given in evidence under a plea of not guilty.

4.    **HIGHWAYS—Obstruction—Defense—Evidence.**    Where the defendant claimed that the highway which he was charged with obstructing constituted a part of a stock-grazing district authorized to be established by section 1 of chapter 61, Sess. Laws 1913, evidence tending to prove that such stock-grazing district was established subsequent to the fencing across such highway by defendant, and subsequent to the commencement of the prosecution, was properly excluded.

5.    **SAME.**    For other matters held to constitute no lawful defense to a prosecution for obstructing a section line highway, see opinion.

*Appeal from County Court, Ellis County;*
*S. A. Miller, Judge.*

Donald Duncan was convicted of the offense of obstructing a public highway, and sentenced to pay a fine of $5 and the costs of the action, and appeals.    Affirmed.

*C. B. Leedy,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J.    This is an appeal from the county court of Ellis county, wherein the defendant was convicted on the 14th day of November, 1916, of the offense of obstructing a section line highway, and sentenced to pay a fine of $5 and the costs of the action.

The trial was had before the court, a jury having been waived.    Defendant interposed a demurrer to the information, which was overruled, and to the action of the court in overruling the same the defendant excepted, and presents this as ground for reversal.    The information, filed July 24, 1916, is in substance as follows:

"On the —— day of May, 1916, one Donald Duncan did then and there unlawfully, willfully, knowingly, and wrongfully obstruct and damage a certain public road then

and there duly and lawfully established, to wit, the section line highway running east and west between sections 16 and 21, in township 18, north of range 22, west Indian meridian, at a point just east of and near the point common to sections 16, 21, 17, and 20 in said township and range, by erecting and maintaining a fence across and upon said section line highway and public road, contrary to," etc.

The information is based on section 7, art. 6, c. 173, Session Laws 1915, which reads in part as follows:

"Any person or persons who shall willfully or knowingly obstruct or damage any public road * * * by fencing across or upon the right of way of the same * * * shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than five dollars nor more than two hundred dollars, or by imprisonment in the county jail for not exceeding six months, or by both such fine and imprisonment."

The information states the acts constituting the offense in ordinary and concise language and in such a manner as to enable a person of common understanding to know what is intended. It also states the particular circumstances of the offense charged, and is sufficient to charge the offense under the provisions of section 7, art. 6, c. 173, Laws 1915, above quoted.

The contention advanced that the information is insufficient for the reason that it contains no allegation that said fences were not erected by defendant in compliance with section 1, c. 61, Session Laws 1913, establishing grazing districts and permitting rough lands to be inclosed in fences under certain conditions, is untenable, for the reason that said provisions of law form no substantive part of the offense set out in section 7, art. 6, c. 173, Session

Laws 1915, but constitute a matter of defense not necessary to be negatived in the information.

Defendant also filed what he styled a special plea in bar to the action, and alleged in said plea that he should not be required to answer or plead to the merits of the charge made against him, and should not be placed upon trial upon said charge for the reason that the fences erected by him upon and across the section line and public highway were lawfully constructed by virtue of section 1, c. 61, of the Session Laws of 1913, in that the lands embraced in the inclosure constituted two or more sections of land, two-thirds and more of which lands were unsuitable for cultivation and were being used for grazing purposes prior to and at the time of the filing of the said information; that said land is sandy, rough, and unbroken grazing land, and unfit for cultivation, and the defendant constructed the fences about and around said land prior to the commencement of this prosecution, and has permitted public roads to be run anywhere across said grazing district wherever designated by any legal authority; that the section lines were not at the time said fences were constructed nor since that time have been used or needed for public mail routes, and defendant has at all times maintained substantial gates which were easily opened and closed across said section line, and that said gates were erected and maintained long prior to the filing of the information in this cause, and were erected by virtue of the law above referred to; that defendant has more than 650 head of cattle in said pasture for grazing purposes, and is maintaining said grazing district in accordance with the laws of this state, and is ready and willing to erect and maintain swinging and automatic gates at any and all points designated by any lawful authority.

The defendant further stated:

That, on the 8th day of November, 1916, the board of county commissioners of Ellis county established a grazing district of all of the territory embraced within the fences which he is alleged to have unlawfully erected, and, further, that there is pending in the district court of Ellis county an action in equity, seeking to enjoin the defendant from maintaining the fences and gates across the section line; that contempt proceedings were instituted against defendant, seeking to punish him for maintaining the fences across said section line, and that on the 7th day of October, 1916, said court refused to punish defendant for contempt, but gave defendant until November 17, 1916, to remove all fences and obstructions on and across said section line embraced within said alleged grazing district, provided the board of county commissioners of said Ellis county did not, in the meantime, establish a grazing district of said territory; that thereafter the said board, as heretofore alleged, did, on November 8, 1916, establish a grazing district of said territory, and that by virtue of said order of said board the fences and gates upon and across all of the section lines described in the information were lawful; that the information in this cause was filed prior to any lawful action and on behalf of the board of county commissioners of Ellis county, and should not be maintained; that on the 13th day of September, 1916, the prosecuting witnesses in this case, or some of them and others, did unlawfully remove, tear down, and open the gates and inclosures around certain section lines embraced within the said alleged grazing district; that on the 18th day of September, 1916, a majority of the board of county commissioners of Ellis county did find that the land embraced within the said grazing district was suitable for cultivation, and refused by

their order to permit a grazing district to be established within the boundary as set forth herein; that thereafter, on November 8, 1916, said board of county commissioners, upon petition of the township board of the township in which said lands were located, did annul and set aside their order of September 18, 1916, and did establish a grazing district of said lands.

For which reasons defendant prays that the information be quashed and set aside, and that he be discharged from custody.

To this purported plea in bar the state filed a demurrer for the reason that the said plea did not state facts constituting a defense to the charge set forth in the information.

The court sustained the demurrer to the plea in bar, to which action the defendant excepted, and alleges that the court erred. This assignment of error is wholly without merit.

Under section 5800, Rev. Laws 1910, three kinds of pleas are authorized to an indictment or information, to wit: First, a plea of guilty; second, a plea of not guilty; third, a plea of former judgment of conviction or acquittal of the offense charged.

Section 5805 provides:

"The plea of not guilty puts in issue every material allegation in the indictment or information."

Section 5806 provides:

"All matters of fact tending to establish a defense other than specified in third subdivision of section 5800 may be given in evidence under a plea of not guilty."

The action of the court, therefore, in sustaining the demurrer to the special plea in bar was clearly correct.

If as a matter of fact the defendant had erected the fences around a stock district established according to law, the evidence tending to establish that defense was permissible under the plea of not guilty. A special plea in bar was entirely unnecessary, and only tended to incumber the record.

But as the defendant offered evidence to show that at the time of the trial the board of county commissioners of Ellis county had established a stock district out of the lands embraced within the fences alleged to have been unlawfully constructed across the public highways as charged in the information, attention will be paid at this time to the merits of this defense. There was no attempt or offer by the defendant to prove that the provisions of section 1, c. 61, Session Laws 1913, had been complied with by him prior to the erection of fences across the section line or prior to the commencement of this prosecution. All that he claims and asks to be considered as a valid defense to this action occurred subsequent to the building of the fences by him across the section lines and subsequent to the commencement of this prosecution. None of the matters pleaded as a defense existed at the time of the commencement of the prosecution; and, while the defendant may have thought that a stock district would and should be established out of the land embraced within the fences, and while it was undoubtedly his intention to permit the lawful authorities to designate public highways across said alleged stock district, yet nevertheless it was his duty to have said district designated for public highways before any fences were built by him across any section line highways.

It was clearly the intention of the Legislature by the enactment of chapter 61, Session Laws 1913, to permit the

establishment of grazing districts of rough lands unsuitable for cultivation and to permit the erection and maintenance of fences across section lines only in cases where the owner or lessee of such grazing districts permits public roads to be run anywhere across said district designated by the road overseer, or the township board, county commissioners, or other officials legally authorized to designate public highways.

It was clearly not the intention of the Legislature to permit the owner or lessee of such lands upon his own initiative to fence up section line highways in this state without the permission of the lawful authorities for the establishment of highways across said district at other points, and for the erection and maintenance of gates in said fences at points where said highways intersect the same under the direction and supervision of the official authorized to establish and maintain public highways. The action of the county commissioners in subsequently designating the land herein inclosed as grazing district forms no valid defense to the defendant's action in unlawfully fencing the section line highways prior to the establishment of such grazing district.

The defense interposed, therefore, was not well founded in law, and evidence tending to establish the same was properly rejected by the trial court, and as no other defense was interposed, but defendant admitted the constructing and maintaining of fences across said section line as alleged in the information, his conviction was proper, and clearly sustained by the evidence, and is not contrary to law.

The judgment is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.